# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SMITHGROUP, INC., | ) | |
| f/k/a SmithGroup JJR, Inc. | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 8:20-cv-02499-TDC |
| | ) | |
| SKANSKA USA BUILDING INC. | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

## JOINT REQUEST FOR MODIFICATION OF SCHEDULING ORDER AND REPORT FROM COUNSEL REGARDING DISCOVERY PLAN

SmithGroup, Inc. ("SmithGroup") and Skanska USA Building Inc. ("Skanska"), jointly by their respective counsel, hereby report that counsel have conferred and propose the following modifications to the Scheduling Order entered on November 10, 2020, with reasons for the modifications set forth below.

## I.      DEADLINES

The parties request that the following deadlines be modified:

|  | Current | Proposed |
|---|---|---|
| Plaintiff's[1] Rule 26(a)(2) Disclosures: | 01/25/2021 | 03/26/2021 |
| Defendant's Rule 26(a)(2) Disclosures: | 02/23/2021 | 04/23/2021 |
| Plaintiff's Rebuttal Expert Disclosures | 03/09/2021 | 05/07/2021 |
| Rule 26(e)(2) supplementation | 03/16/2021 | 05/14/2021 |
| Close of Discovery and Post-Discovery Joint Status Report | 04/09/2021 | 07/23/2021 |

---

[1]      "Plaintiff" refers to the party with the burden of proof – SmithGroup on its primary claim for unpaid fees and Skanska on its counterclaim for professional negligence.

| | | |
|---|---|---|
| Requests for Admission | 04/16/2021 | 07/30/2021 |
| Notice of Intent to File a Pretrial Dispositive Motion | 04/23/2021 | 08/06/2021 |
| Deposition Hours | Current:   25 | Proposed:   40 |

## II.     CONSENT TO PROCEED BEFORE A MAGISTRATE

The parties decline to exercise this option at this time.

## III.    MEDIATION BEFORE A MAGISTRATE

The parties will consider this option. The parties have already conducted a mediation before this action was filed and may elect to resume mediated settlement discussion with that mediator in light of his familiarity with the parties and the issues. The parties have agreed to exchange informal expert opinions to be used exclusively to aid settlement discussions on January 22 and February 19 in anticipation of further settlement discussions to occur before formal expert disclosures are due and depositions have been taken.

## IV.     SCOPE OF DISCOVERY

Discovery on the primary claim – SmithGroup's claim for fees – is expected to be modest and limited to one or two depositions and a discreet set of documents. The necessary scope of discovery on Skanska's counterclaim, which includes errors and omissions and schedule delay, will be more extensive. The parties anticipate multiple experts per party to address Skanska's claims and as many as a dozen party and non-party fact witness depositions, some taken pursuant to Rule 30(b)(6). It is counsel's goal to hold most fact witness depositions until the issues are clarified by expert opinions, which are not expected to be dependent on testimony.

The parties anticipate a very large ESI production of project files and project emails from the parties themselves and from several non-parties. The parties anticipate that it will take some time to review large electronic document productions, but are agreed that it will be easier for each party to review the other's complete project files via an e-discovery platform than to review one's own for specific documents responsive to a request. Counsel believe that it will also be much less expensive and time consuming for non-parties to produce what are expected to be large, but easily identified, complete project files, as opposed to searching for specific documents. The parties anticipate that document production and review will require at least 60-90 days.

The parties expect that all depositions will be taken virtually in light of the current situation with COVID-19. Many of the expected non-party fact witnesses were employed by one of the parties at the time of the project, but have since taken other jobs. Other expected fact witnesses were and remain employees of non-parties and who either have counsel involved or are expected to. Issues with coordination of depositions in light of COVID-19 restrictions of indeterminate length and severity necessitate the parties' request for more time to complete discovery after experts are formally disclosed than is presented in the current scheduling order. Counsel believe that the expert opinions will drive who needs to be deposed, on what topics, and in what order. Counsel believe that a compressed schedule would produce inefficiency and unnecessary expense due to less than desirable sequencing to meet a schedule.

## V.    CONFIDENTIAL INFORMATION

The parties have agreed in principle on the attached Protective Order, which is intended to treat all documents, whether produced by the parties or by non-parties, as confidential for purposes of discovery so as to avoid unnecessary time and expense in the early stages of discovery. At this

time, the parties do not anticipate the need to file documents with the Court for any purpose before

the close of discovery.

Dated:  November 25, 2020

/s/ *Leslie Paul Machado*
Leslie Paul Machado (Bar No. 14952)
Alison C. Duffy (Md. Bar No. 21002)
O'HAGAN MEYER, PLLC
2560 Huntington Avenue, Suite 204
Alexandria, Virginia 22303
(703) 775-8607 (phone)
(804) 403-7110 (facsimile)
lmachado@ohaganmeyer.com
aduffy@ohaganmeyer.com

Stephan F. Andrews (admitted *pro hac vice*)
James W. Walker (admitted *pro hac vice*)
O'HAGAN MEYER, PLLC
411 East Franklin Street, 5th Floor
Richmond, Virginia 23219
804.403.7100 (phone)
804.403.7110 (facsimile)
SAndrews@ohaganmeyer.com
jwalker@ohaganmeyer.com

**Counsel for SmithGroup, Inc.**

Respectfully submitted

/s/  *Thomas S. O'Leary*
Thomas S. O'Leary (Bar No. 20442)
Brian R. Dugdale (admitted *pro hac vice*)
Paul A Varela (admitted *pro hac vice*)
VARELA, LEE, METZ & GUARINO, LLP
1600 Tysons Blvd, Suite 900
Tysons Corner, Virginia 22102
703-454-0170 (phone)
703-454-0169 (facsimile)
toleary@vlmglaw.com
bdugdale@vlmglaw.com
pvarela@vlmglaw.com

**Counsel for Skanska USA Building Inc.**

-4-