## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SMITHGROUP, INC., <br> f/k/a SmithGroup JJR, Inc. <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> SKANSKA USA BUILDING INC. <br><br> Defendant/Counterclaim Plaintiff. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: 8:20-cv-02499-TDC <br> ) <br> ) <br> ) <br> ) |

### STIPULATED PROTECTIVE ORDER

The parties have agreed, and the Court hereby orders pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Local Rules of this Court, that the following procedures be followed in this case regarding confidential and proprietary business and personal information produced in this action:

1. **"Confidential Material" defined.** The term "Confidential Material" means information and documents that a party designates as confidential in good faith in accordance with this Order. The term is intended to include health information, personal information, as well as business records, financial information, trade secrets and other confidential or proprietary information that qualify for protection under Rule 26(c).

2. **"Producing person or party" defined.** The term "producing person or party" refers to any person or party producing Confidential Material for use in this action, whether in response to a discovery request, a subpoena duces tecum or otherwise.

3. **Identification of Confidential Material.** A producing person or party may identify documents as Confidential Material to be protected under this Order by clearly typing, watermarking or stamping on the face or margin of each page the word "CONFIDENTIAL" or

1

24031453v.2

the phrase "CONFIDENTIAL - Subject to Protective Order." The original of the document need not be so marked, and it shall be sufficient to mark copies of the originals that are actually produced. Documents produced or exchanged in electronic form may also identified in the electronic document file as Confidential Material to be protected under this Order by including a field or tag, or label identifying the document as confidential.

4. **Use of Confidential Material.** Confidential Material may be used by a receiving party solely for purposes related to this action, and not for any unrelated business, commercial or other purpose.

5. **Disputed Designations.** Any party may challenge an assertion of confidentiality or privilege at any time. The party or non-party asserting confidentiality or privilege has the burden of supporting its claim. If a party challenges the designation by a producing person or party of any document, testimony or information as Confidential Material or Privileged Material, it shall notify the producing party in writing of the dispute. The parties shall thereafter confer in good faith in an effort to resolve the dispute. If the parties are unable to resolve the dispute, the receiving party shall, no later than ten (10) days after either party declares an impasse and provides notice of same in writing, seek a ruling from the Court. All parties shall maintain the confidentiality of such document or information in accordance with this Order until the issue is resolved by the Court.

6. **Disclosure.** Confidential Material shall not be disclosed by a receiving party to any person(s) other than:

(a) counsel for the parties having responsibility for this action and their legal associates, paralegals, and clerical support staff or services;

2

24031453v.2

(b) the parties (including officers, employees, former employees, and attorneys, only to the extent they are or were involved in matters pertaining to this action);

(c) experts or consultants (including their associates, employees, and/or support staff) retained by a party in connection with this action;

(d) a party's insurers, reinsurers, auditors, and their counsel;

(e) instrumentalities of the United States, a State, or subdivision thereof, to which a party has a legal duty to provide the information disclosed, including but not necessarily limited to state insurance departments and other regulatory agencies or bodies;

(f) court reporters taking down depositions in this action;

(i) witnesses in a deposition or at trial; and

(j) the Court and its personnel; and

7. **Other Disclosures; Procedure.** If any receiving party wishes to disclose Confidential Material to any person other than those listed herein, counsel for the party contemplating disclosure shall give advance written notice and opportunity to object to counsel for the producing person or party. Notice shall be served on counsel of record via email and may also be sent by regular mail. Notice shall include the name, address, and occupation of the person to whom disclosure is contemplated, the documents or other information as to which disclosure is contemplated, and the reason for the contemplated disclosure. If the producing person or party does not object in writing within ten (10) business days after receipt of the notice, the party contemplating disclosure may release the Confidential Material in question to the person identified, provided the person is advised of the existence of this Order and agrees to be bound by it. If the producing person or party objects to the contemplated disclosure, the receiving party may seek an Order from the Court permitting the disclosure.

24031453v.2

8. **Inadvertent Failure to Designate Material as Confidential; Non-waiver.** A person who produces information or documents that are subject to protection as confidential under this Order but inadvertently fails to designate the information or documents as "Confidential" in accordance this Order before production may make that designation thereafter, and the production of information or documents alone shall not constitute a waiver of the right to assert that information or documents are or should be entitled to protection under this Order. Any disclosure of Confidential Material that has not been designated as Confidential or for which the receiving party has not otherwise been notified that the materials is Confidential shall not be a violation of this Order. The receiving party shall treat the information or documents as confidential under this Order upon the producing party's notification to the receiving party that the information or documents should be designated as confidential hereunder.

9. **Filing or Use of Confidential Information in Court Proceedings.** The filing of Confidential Information as an exhibit or attachment to a pleading or brief or the use of such materials in any deposition court proceeding shall be governed by Local Rules 104.13 and 105.11, or any applicable standing order or direction from the Court.

10. **Use of Confidential Material from other Sources.** Nothing in this Order shall prevent any person or party from using or disclosing (a) its own information for any purpose or (b) documents identified as confidential by another party if obtained from other permissible sources without a restriction of confidentiality, including the public record.

11. **Conclusion of Litigation; Procedure.** This Order shall survive the termination of this action and continue in full force and effect thereafter. Unless otherwise agreed by the parties, within ninety (90) days after final termination of this litigation, including any and all appeals, the receiving party shall, upon request, return to the producing party or destroy all

originals and all reproductions of any document, information, matter, or thing designated Confidential Material, including such documents or information that had been provided to experts or consultants. If destroyed, counsel destroying such documents shall certify the fact of destruction to counsel for the producing person. If a party is prohibited by law or regulation from destroying or returning any document, that party agrees to maintain the document as confidential, as specified by this Order, and agrees that the confidentiality provisions of this Order will survive the conclusion of this litigation.

If documents designated as confidential are filed with the court under seal for any purpose, the Clerk may return the documents to counsel within ninety (90) days after final termination of this litigation, including any and all appeals. After final termination of this litigation, including any and all appeals and with at least ten (10) days written notice to counsel, the Clerk may elect to destroy any sealed documents on file.

**12. Scope of Order.** This Order applies to the procedures for production and use of Confidential Materials during the pretrial and discovery stages of this action. Any use of Confidential Material at trial shall be subject to Court rulings as to its admissibility and use.

Date: December 3, 2020

_____
Hon. Theodore D. Chuang
United States District Court for the District of Maryland